UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANRICK KING,   Petitioner,

v.                                                          Case No:  6:12-cv-1037-Orl-36KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.
_____/

## ORDER

Petitioner Vanrick King ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed July 5, 2012).  Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 21, filed December 21, 2012).  In the response, Respondents asserted that the petition was untimely filed.  Despite being provided an opportunity to do so (Doc. 22), Petitioner filed no reply to the response.

In his sole claim for relief, Petitioner alleges that trial counsel was ineffective for advising him to plead guilty without properly advising him of the immigration consequences of a plea (Doc. 1 at 15).  The Court cannot reach the merits of this claim because, as explained below, the pleadings and attachments before the Court establish that the petition must be dismissed as untimely.

**I.**     **Background and Procedural History**

On December 1, 2003, Petitioner was charged by information with two misdemeanor counts of violation of a domestic injunction in violation of Florida Statute § 741.31(4)(A) (Doc.

21-1 at 3). On March 10, 2004, Petitioner pleaded *nolo contendere* to both counts and was adjudicated guilty. *Id.* Petitioner was placed on two concurrent terms of six months probation (Doc. 21-2 at 3-4). On September 9, 2004, an affidavit for violation of probation was filed (Doc. 21-1 at 5). On November 18, 2004, Petitioner's violation of probation was dismissed, and Petitioner's probation was terminated. *Id.*

On December 21, 2010, Petitioner filed an emergency motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion"). In the motion, Petitioner alleged that his plea was involuntary due to defense counsel's faulty advice as to the immigration consequences of his plea (Doc. 21-1 at 13). After a hearing on the motion, the postconviction court denied Petitioner's claim on the grounds that the motion had been untimely filed (Doc. 21-1 at 57). On October 16, 2012, the denial of the motion was affirmed by the circuit court acting in its appellate capacity (Doc. 21-1 at 69).

Petitioner filed the instant petition for writ of habeas corpus on June 29, 2012 (Doc. 1).[1]

**II.     Analysis**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if [that] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). For purposes of calculating time, the Court will apply the mailbox rule and refer to the dates Petitioner signed his documents and submitted them to prison authorities. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.[2] This limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] It is not clear that Petitioner is "in custody" pursuant to a judgment of a state court as is required to obtain federal habeas relief under the AEDPA. Although Petitioner is detained in the Baker County Jail, he alleges that he is in United States Immigration and Customs Enforcement ("ICE") custody (Doc. 1 at 2). In addition, it appears from the limited state court record that Petitioner's sentence fully expired long ago. Therefore, he is in custody for purposes of § 2254 only if he still suffers a direct – and not merely a collateral– consequence of his guilty plea and sentence. *See Mayeng v. Cook*, 490 U.S. 488, 492 (1989). Language from the *Padilla* opinion supports a conclusion that a deportation order can be characterized as a direct consequence of a conviction, thus sufficient to establish custody. *See Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Finding it "'most difficult' to divorce the penalty from the conviction in the deportation context[,]" the *Padilla* Court "conclude[d] that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." 130 S. Ct. at 1482. The implication of this sentence, and of the holding generally, is that the Court viewed deportation consequences as, at least, *more* of a direct consequence than a collateral one, especially in light of the fact that "recent changes in our immigration law have made removal nearly an automatic result for a broad class of non-citizen offenders." *Id.* Accordingly, the Court will assume that Petitioner is in custody and that § 2254 relief is available. *See Hurtado v. Tucker*, 245 F.3d 7, 10 n. 2 (1st Cir. 2001) (paroled petitioner still satisfied the "in custody" requirement of § 2254 because the INS was attempting to deport him); *compare Resendiz v. Kovenski*, 416 F.3d 952 (9th Cir. 2005) (an immigration detainee facing deportation on the basis of a state conviction is not in state custody for purposes of § 2254), *abrogated on other grounds by Chaidez v. United States*, 133 S. Ct. 1103 (2013).

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in § 2244(d)(1)(B) or (D) apply. Petitioner argues that the statute of limitations should be measured from the statutory trigger in §§ 2244(d)(1)(C) because the United States Supreme Court ruling in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) applies retroactively to cases on collateral review (Doc. 1 at 5-14).[3] *Padilla* was decided on March 31, 2010. *Id.*

### a. *Petitioner's habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)*

Petitioner was sentenced on March 10, 2004 (Doc. 21-2 at 3-4). Because he did not appeal his sentence, Petitioner's conviction and sentence became final thirty days after he was sentenced. *See Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3)(allowing 30 days to file a notice of appeal). Accordingly, Petitioner's conviction became "final" for purposes of § 2244 on April 9, 2004, and he had one year from that date, or until April 9, 2005, to file his federal habeas petition. *See Downs v. McNeil*, 520 F. 3d 1311 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which limitations period expires on anniversary of date it began to run).

---

[3] In *Padilla*, the United States Supreme Court determined that criminal defense attorneys must advise non-citizen clients about the deportation risks of a guilty plea. Failure to do so is ineffective assistance of counsel under the Sixth Amendment.

4

Petitioner's federal petition was not filed until June 29, 2012 – 2638 days after his time for filing had expired. Therefore, to the extent Petitioner relies on the statutory trigger of 28 U.S.C. § 2244(d)(1)(A), the petition is untimely unless tolling principles apply to render it timely.

  b. *Petitioner's habeas petition is not subject to tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner filed a Rule 3.850 motion on December 21, 2010, more than five years after his time for filing a federal habeas petition had expired (Doc. 21-1 at 10). However, this motion did not act to toll the AEDPA clock because a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period expired prior to filing the motion. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period).

  c. ***Petitioner's habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(C)***

Petitioner argues that defense counsel was ineffective because he failed to advise him of the immigration consequences of his guilty plea. Petitioner relies on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) for the proposition that an attorney's performance falls below the objective standard of reasonableness if he fails to advise his client of the potential impact the client's guilty plea may have on his immigration status (Doc. 1 at 10-11). Petitioner argues that, had

5

he known he faced deportation as a result of his plea, he "would have tried to negotiate a different plea or proceeded to trial[.]" (Doc. 1 at 17).  To the extent Petitioner relies on March 31, 2010, the date on which the Supreme Court issued its decision in *Padilla,* as "the date on which the constitutional right asserted was initially recognized by the Supreme Court," 28 U.S.C. § 2254(d)(1)(C), his reliance is misplaced.

Petitioner was sentenced on March 10, 2004, well before *Padilla* was decided. Respondents contend that Petitioner is not entitled to relief because *Padilla* is not retroactive and thus not applicable on collateral review.  Indeed, the Supreme Court has recently concluded that *Padilla* does not have retroactive effect to cases on collateral review. *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (Feb. 20, 2013) ("We conclude that, under the principle set out in *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect."). Therefore, Petitioner cannot rely on the issue date of *Padilla*, and his ineffective assistance of counsel claim is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Any allegations not specifically addressed herein that attempt to excuse Petitioner's failure to file the instant petition within the one-year period of limitation have been found to be without merit.

### III.     Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To

make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Vanrick King (Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 19th day of March, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-4  3/19
Vanrick King
Counsel of Record